UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                    :

  UNITED STATES OF AMERICA,        :

                                    :          20 Crim. 683 (LGS)

           -against-           :

                                    :         **OPINION AND ORDER**

  MARQUIS DANIELS,             :

                      Defendant.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Defendant Marquis Daniels moves for a sentence reduction pursuant to 18 U.S.C.

§ 3582(c)(1)(A)(i).  For the reasons below, the motion is denied.

## I.     BACKGROUND

On March 3, 2022, Daniels pleaded guilty to conspiracy to commit Hobbs Act Robbery.

Daniels was sentenced principally to 80 months' imprisonment, significantly below the sentence

of 110 to 137 months recommended by the Federal Sentencing Guidelines (the "Guidelines").  As

of the date of this decision, Daniels has served approximately 63 months, or over five years, of

his term of imprisonment.  He is currently scheduled to be released on December 17, 2026.

In January 2020, Daniels committed two gunpoint robberies in the Bronx.  On January 21,

2020, Daniels robbed an AT&T store with a coconspirator who brandished a firearm during the

robbery.  On January 30, 2020, Daniels robbed a jewelry store with the same coconspirator and

another one.  During the second robbery, Daniels brandished a firearm at an employee who was

handling a tray of watches, and one of the coconspirators discharged a firearm into the floor

before the three perpetrators fled.

## II.     STANDARD

Daniels moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A), as

modified by the First Step Act of 2018.  "Section 3582(c)(1) permits a district court to reduce a

term of imprisonment if after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, it finds that extraordinary and compelling reasons warrant such a reduction."[1] *United States v. Fernandez*, 104 F.4th 420, 426-27 (2d Cir. 2024). "The burden of showing that the circumstances warrant a sentence reduction is on the defendant." *Id.* at 427.

Under § 3582(c)(1)(A), before a sentence reduction can be granted, (1) "an inmate must exhaust administrative remedies by requesting such relief from prison authorities," (2) "a court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and (3) the court must make a "finding that extraordinary and compelling reasons warrant such a reduction," "such that, in light of the[] § 3553(a) factors, a sentence reduction . . . would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021); *see* 18 U.S.C. § 3582(c)(1)(A).

While "[t]he statute sets out a fourth requirement: that the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" "the policy statement governing compassionate release -- U.S.S.G. § 1B1.13 -- governs only motions brought by the Director of the Bureau of Prisons, not those brought directly by inmates." *Keitt*, 21 F.4th at 71 n.2 (quoting § 3582(c)(1)(A) and then citing *United States v. Brooker*, 976 F.3d 228, 236-37 (2d Cir. 2020)).

Section 3553(a) lists numerous factors a court must review, including, in relevant part:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed[] . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . [and] to protect the public from further crimes of the defendant; . . .

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

(4) the kinds of sentence and the sentencing range established for [the defendant]
. . . as set forth in the Guidelines . . . ;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
(6) the need to avoid unwarranted sentence disparities among defendants with
similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  If "a district court denies a defendant's motion under § 3582(c)(1)(A) in

sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether

the defendant has shown extraordinary and compelling reasons that might (in other

circumstances) justify a sentence reduction."  *Keitt*, 21 F.4th at 69.

A district court "may consider the full slate of extraordinary and compelling reasons that

an imprisoned person might bring before them," *Fernandez*, 104 F.4th at 427, and has "discretion

in determining what are extraordinary circumstances."  *Brooker*, 976 F.3d at 234.  The Guidelines

list circumstances that are extraordinary and compelling, including (1) serious "medical

circumstances" including "terminal illness," (2) advanced age of at least sixty-five years old, with

serious health deterioration and having served at least ten years or seventy-five percent of a

sentence, (3) difficult "family circumstances" including "[t]he death or incapacitation of" certain

close family members, (4) being a victim of sexual or serious physical abuse while incarcerated,

(5) other reasons similar in gravity and (6) an unusually long sentence of which the defendant has

served at least ten years and a change in the law that would produce a gross disparity between the

sentence being served and one likely to be imposed now.  U.S.S.G. § 1B1.13(b)(1)-(6).

## III.    DISCUSSION

The Government does not dispute that Daniels has exhausted his administrative remedies

as required.  Daniels argues that the § 3553(a) factors and extraordinary and compelling

circumstances justify reducing his sentence to time served followed by a period of home

confinement.  For the following reasons, Daniels's motion is denied.

A.      **Section 3553(a) Factors**

Daniels argues that (1) he is not a danger to the public and (2) a reduced sentence would sufficiently reflect the seriousness of his offense.  Certain of the § 3553(a) factors -- the nature and circumstances of the offense, the need for the sentence to promote respect for the law and to provide just punishment for the offense and to afford adequate deterrence to criminal conduct -- do not support a sentence reduction.

*The Nature and Circumstances of the Offense, Respect for the Law and Just Punishment*. The nature and circumstances of the instant offense -- two gunpoint robberies in which a firearm was brandished, including one in which the firearm was discharged -- coupled with Daniels's criminal history weigh against a sentence reduction.  Daniels pleaded guilty to conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951.  His offense level was twenty-six, and the Guidelines' recommendation was a sentence between 110 and 137 months.  Daniels was sentenced to 80 months, significantly below the Guidelines' recommendation.  Adhering to that sentence would promote respect for the law and just punishment.  While Daniels argues that he has already served 80% of his sentence, a further reduction from this already shortened sentence would not adequately "reflect the seriousness of the offense, . . . promote respect for the law, and . . . provide just punishment for the offense . . . ."  18 U.S.C. § 3553(a)(2)(A).

*Daniels's History and Adequate Deterrence*.  Daniels has twelve prior convictions and a history of violent behavior.  The most recent conviction offense was his fourth robbery.  His first robbery was in 2005, when Daniels was aged 15.  His second robbery was in 2009, when Daniels swung a glass bottle at a victim before snatching his MP3 player.  His third was in 2013, when Daniels participated in an armed robbery of a car dealership in which a firearm was discharged,

4

striking a victim in the leg.  For that robbery, Daniels was convicted of three counts, including conspiracy to commit Hobbs Act Robbery, the same crime as in the instant case.

Daniels also has two larceny convictions and one conviction for unlawful weapons possession.  Before the offense for which he is currently serving his sentence, Daniels had served almost nine years in prison, which did not deter him from committing the most recent offense of armed robbery.

Daniels argues that he is unlikely to recidivate because of his sickness, age and high-school education.  He also notes significant personal reflection and change since his sentencing, citing his obtaining a GED while incarcerated and maintaining a discipline-free record for two years.  He states that he intends to return to his family, pointing to his close relationship with his mother and his desire to be more present and serve as a role model for his children.  While those achievements and goals are commendable, they are not so far beyond what is expected of inmates that they would counsel in favor of a sentence reduction, even in combination with the medical circumstances addressed below.  *See United States v. Tillman*, No. 13 Crim. 362, 2023 WL 355624, at *4 (S.D.N.Y. Jan. 23, 2023) ("While the Court commends [defendant] for apparently participating in positive prison programs, obtaining a GED, and maintaining a clean disciplinary record, as well as for his plans to transition back to society, the Court does not find this progress and future plans to constitute extraordinary and compelling reasons meriting release . . . .").

B. **Extraordinary Circumstances**

Daniels's argument of extraordinary circumstances also does not support a sentence reduction.  Daniels points to his medical condition as the primary extraordinary circumstance. While serious and requiring medical attention, Daniels's illness does not constitute an

extraordinary circumstance.  In the interest of privacy, the details of Daniels's medical condition are not discussed here, but the Court has reviewed Daniels's medical records and requested and reviewed a supplemental update to ensure that the information is current.

Courts have been reluctant to apply a sentence reduction where "the defendant's medical conditions are under control."  *United States v. Sanchez*, No. 01 Crim. 74-2, 2022 WL 4298694, at *2 (S.D.N.Y. Sept. 19, 2022).  Daniels's medical records indicate that he has been receiving treatment from at least September 2024, including consultations, prescriptions and chemotherapy. Since June 2025, he has been housed at the Federal Medical Center Lexington in Lexington, Kentucky, and receiving treatment at and through the University of Kentucky Markey Cancer Institute, a distinguished cancer center.  Though these facts do not diminish the severity and difficulty of Daniels's situation, they indicate that he is being treated for his medical condition, which appears to be stable.  Daniels's medical circumstances do not support a finding of extraordinary circumstances.

## IV.  CONCLUSION

For the foregoing reasons, Daniels's motion for a sentence reduction is **DENIED**.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 79 and to mail a copy of this Opinion and Order to Daniels.

Dated: January 27, 2026
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**